IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Cheryl Byers, Robert Byers, | Case No.: 0:23-cv-04775-JDA |
| Plaintiffs, | |
| v. | |
| Pinnacle Converting Equipment and Services, LLC; Bobkat Pinnacle, Inc., | |
| Defendants. | |
| | **OPINION AND ORDER** |
| Pinnacle Converting Equipment and Services, LLC, | |
| Cross Claimant, | |
| v. | |
| Bobkat Pinnacle, Inc., | |
| Cross Defendant. | |

This matter is before the Court on a motion for judgment on the pleadings filed by Bobkat Pinnacle, Inc. ("Bobkat"). [Doc. 31.] Bobkat seeks judgment on the pleadings as to the claims asserted against it by Plaintiffs Cheryl Byers ("Cheryl") and Robert Byers (collectively, "Plaintiffs") and as to the cross claim asserted against it by Pinnacle Converting Equipment and Services, LLC ("Pinnacle"). [Doc. 31 at 1.] The motion is ripe for review.

Plaintiffs originally filed this action in the York County Court of Common Pleas against Pinnacle, alleging that Cheryl, in the scope and course of her employment, lost

her left arm below the elbow while operating an industrial machine known as a "slitter rewinder," which was designed, manufactured, and sold by Pinnacle. [Doc. 1-1.] On September 25, 2023, Pinnacle removed the action to this Court. [Doc. 1.] Plaintiffs filed an Amended Complaint on November 10, 2023, against both Pinnacle and Bobkat, alleging that the "slitter rewinder" was designed, manufactured, and sold by Pinnacle or, in the alternative, Bobkat. [Doc. 10.] In its Amended Answer to the Amended Complaint, Pinnacle asserts a cross claim against Bobkat for contractual indemnity. [Doc. 13 ¶¶ 32–41.] On February 26, 2024, Bobkat filed the instant motion for judgment on the pleadings. [Doc. 31.] Plaintiffs filed a response in opposition to the motion, and Bobkat filed a reply. [Docs. 32; 33.] Pinnacle did not respond to Bobkat's motion for judgment on the pleadings.

## BACKGROUND

**Plaintiffs' Allegations**

Plaintiffs allege that Cheryl was employed by OXCO, Inc. ("OXCO"), in Fort Mill, South Carolina, when the relevant accident occurred. [Doc. 10 ¶ 8.] OXCO manufactures mill rolls of materials such as nonwoven textiles, films, and laminates. [*Id.* ¶ 9.] On December 6, 2021, in the scope and course of her employment with OXCO, Cheryl was operating the slitter rewinder when her left arm was pulled into the machine followed by her entire body. [*Id.* ¶¶ 10–13.] The slitter rewinder continued to operate while Cheryl's arm and body were situated within its machinery. [*Id.* ¶ 14.] The torque caused by the operation of the slitter rewinder broke Cheryl's arm and tore her arm away from her body. [*Id.*] Cheryl's coworkers rushed to her aid and halted the operation of the slitter rewinder. [*Id.* ¶ 15.] Emergency medical services rushed her to a hospital for treatment of her

injuries.  [*Id.* ¶ 16.]  Doctors later confirmed the permanent loss of her left arm below the elbow.  [*Id.* ¶ 17.]

**Pinnacle's Cross Claim Allegations**

Pinnacle alleges that Bobkat designed and manufactured the slitter rewinder and sold it to OXCO in 2004.  [Doc. 13 ¶¶ 34, 39.]  Pinnacle purchased Bobkat's assets but not its liabilities in 2014, and under the Asset Purchase Agreement, Bobkat is required to "defend[,] indemnify and hold harmless [Pinnacle] . . . from and against and in respect of any loss, liability, claim, damage, expense (including costs of investigation and defense and reasonable attorneys' fees and expenses)" arising out of "liabilities in contract and tort . . . with respect to work done by [Bobkat] prior to" April 14, 2014.  [*Id.* ¶¶ 35–38.]  Accordingly, Pinnacle contends that it is entitled to indemnity from Bobkat for the allegedly defective work performed by Bobkat in 2004.  [*Id.* ¶ 41.]

**Bobkat's Answer Allegations**

Bobkat was incorporated in the State of North Carolina.[1]  [Docs. 10 ¶ 4; 17 ¶ 4; 17-1.]  In November 2017, Bobkat was dissolved through Articles of Dissolution filed with the North Carolina Secretary of State.  [Docs. 17 ¶ 4; 17-3.]  Bobkat subsequently published a Notice of Dissolution in the *Charlotte Observer* on January 7, 2018.  [*See* Doc. 17-4.]

<u>**APPLICABLE LAW**</u>

**Judgment on the Pleadings Standard**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to

---

[1] Bobkat was originally incorporated under the name "Pinnacle Converting Equipment, Inc." [Doc. 17-1], and later changed its name to "Bobkat Pinnacle, Inc." [Doc. 17-2].

delay trial."  In reviewing a motion for judgment on the pleadings, a court should "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019) (internal quotation marks omitted).  "Thus, [t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Integon Gen. Ins. Co. v. Bartkowiak ex rel. Bartkowiak*, No. 7:09-cv-03045-JMC, 2010 WL 4156471, at *2 (D.S.C. Oct. 19, 2010) (alteration in original) (internal quotation marks omitted).  "When considering a motion for judgment on the pleadings, the court may consider the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."  *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, MDL No. 2333, 2013 WL 3207423, at *2 (D.S.C. June 24, 2013) (internal quotation marks omitted).  A court should apply the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and should grant a motion for judgment on the pleadings "only if the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."  *Lewis v. Excel Mech., LLC*, No. 2:13-cv-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug. 28, 2013) (internal quotation marks omitted); *see also Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) (noting that the standard applicable for motions made under Rule 12(c) is the same as for those made under Rule 12(b)(6)).

**DISCUSSION**

Bobkat argues that the claims asserted against it by Plaintiffs and by Pinnacle are barred under § 55-14-07 of the General Statutes of North Carolina. [Doc. 31-1 at 6–8.] The Court agrees.

Rule 17(b)(2) of the Federal Rules of Civil Procedure provides that a corporation's capacity to be sued is determined by the law of the state under which it was organized. "This rule applies to dissolved as well as active corporations." *Johnson v. Helicopter & Airplane Servs. Corp.*, 404 F. Supp. 726, 729 (D. Md. 1975) (collecting cases, including *Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 260 (1927)). Accordingly, the capacity of Bobkat, a North Carolina corporation, to be sued after it dissolved is determined by North Carolina law.[2]

North Carolina's dissolution statute provides that a claim against a dissolved corporation is barred unless proceedings are commenced to enforce the claim within five years after the dissolved corporation publishes a statutory notice of its dissolution:

> (a)   A dissolved corporation may also publish notice of its dissolution and request that persons with claims against the corporation present them in accordance with the notice.
>
> (b)   The notice must:
>
>> (1)   Be published one time in a newspaper of general circulation in the county where the dissolved corporation's principal office (or, if none in this State, its registered office) is or was last located;
>>
>> (2)   Describe the information that must be included in a claim and provide a mailing address where the claim may be sent; and

---

[2] The parties do not dispute that Bobkat's capacity to be sued is governed by North Carolina law.

5

      (3)    State that a claim against the corporation will be barred unless a proceeding to enforce the claim is commenced within five years after the publication of the notice.

(c)    If the dissolved corporation publishes a newspaper notice in accordance with subsection (b), the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim against the dissolved corporation within five years after the publication date of the newspaper notice:

      (1)    A claimant who did not receive written notice under G.S. 55-14-06;

      (2)    A claimant whose claim was timely sent to the dissolved corporation but not acted on;

      (3)    A claimant whose claim is contingent or based on an event occurring after the effective date of dissolution.

N.C. Gen. Stat. § 55-14-07.

As stated, Bobkat was dissolved in November 2017 through Articles of Dissolution filed with the North Carolina Secretary of State. [Doc. 17-3.] And Bobkat published a Notice of Dissolution in the *Charlotte Observer* on January 7, 2018. [*See* Doc. 17-4.] Accordingly, pursuant to N.C. Gen. Stat. § 55-14-07, any claim against Bobkat must have been filed before January 7, 2023, five years after the publication date of the newspaper notice. But Plaintiffs did not bring claims against Bobkat until November 10, 2023 [Doc. 10], and Pinnacle did not bring a claim against Bobkat until December 12, 2023 [Doc. 13].

In response, Plaintiffs argue that Bobkat's motion should be denied because it relies on more than the allegations of the Amended Complaint and other documents of which the Court may take judicial notice on a motion for judgment on the pleadings, that Bobkat's compliance with N.C. Gen. Stat. § 55-14-07 is controverted, and that discovery

is necessary to determine whether Bobkat complied with N.C. Gen. Stat. § 55-14-07. [Doc. 32 at 2–4.] On this last argument, Plaintiffs assert that were the Court to consider Bobkat's motion as one for summary judgment, it would be premature. [*Id.* at 4.]

"[D]ocuments attached to the Answer are part of the pleadings for Rule 12(c) purposes, and may be considered without converting a motion for judgment on the pleadings into a motion for summary judgment, only if the documents are central to the Plaintiff's claim and the authenticity is not challenged." *Davis v. Gestamp S.C. LLC*, No. 7:23-cv-967-TMC, 2024 WL 3596864, at *2 (D.S.C. Mar. 26, 2024) (alteration in original) (internal quotation marks omitted). Here, Plaintiffs seem to challenge the authenticity of the Affidavit of Publication attached as an exhibit to Bobkat's Answer to the Amended Complaint. [*See* Doc. 32 at 3–4.] Yet, even if the Court does not consider the Affidavit of Publication attached to Bobkat's Answer, the Court may take judicial notice that Bobkat's Notice of Dissolution was published in the *Charlotte Observer* on January 7, 2018:



7

Classifieds, Legal and Public Notices, Charlotte Observer, Jan. 7, 2018, https://charlotteobserver.newspapers.com/?xid=2965 (search for keyword "Bobkat" and date "1/7/2018"); *cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (stating that, in ruling on a Rule 12(b)(6) motion to dismiss, courts must consider "matters of which a court may take judicial notice"); *see Bryant v. Woodall*, 1 F.4th 280, 288–89 & n.2 (4th Cir. 2021) (taking judicial notice of the publication of an opinion piece in the *Washington Post*); *Bradacs v. Haley*, 58 F. Supp. 3d 499, 511 (D.S.C. 2014) ("Generally, a news article cannot be judicially noticed for the truth of what is reported, but can be judicially noticed for facts such that a fact was printed, or such that a collection of numerous articles to show that a fact was widely known." (internal citation omitted)); *Alabama Tchrs. Credit Union v. Design Build Concepts, Inc.*, No. 4:16-cv-2027-KOB, 2017 WL 4680379, at *3 (N.D. Ala. Oct. 18, 2017) ("The court may also take judicial notice of [defendant's] notice of intent to voluntarily dissolve as it was published in 'The Daily Report' on February 19 and 26, 2010.").

As required by N.C. Gen. Stat. § 55-14-07(b), the Notice of Dissolution (1) was placed in a newspaper of general circulation in the county where Bobkat's principal office was last located,[3] (2) describes the information that must be included in a claim and provides a mailing address where the claim may be sent, and (3) states that a claim

---

[3] Although Plaintiffs do not argue otherwise, the Court takes judicial notice that Bobkat's principal office at the time of its dissolution was in Mecklenburg County, and that the *Charlotte Observer* is a newspaper of general circulation in Mecklenburg County. *See* https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (search for "Bobkat Pinnacle"); *In re Charlotte Observer*, 921 F.2d 47, 48 (4th Cir. 1990) (referring to the *Charlotte Observer* as a newspaper "of general circulation" in the State of North Carolina).

against the corporation would be barred unless a proceeding to enforce the claim were commenced within five years after the publication date of the notice.[4]  Accordingly, because Bobkat complied with N.C. Gen. Stat. § 55-14-07 on January 7, 2018, Plaintiffs' claims against Bobkat, brought on November 10, 2023, and Pinnacle's cross claim against Bobkat, brought on December 12, 2023, are barred.[5]

## **CONCLUSION**

Based on the above, Bobkat's motion for judgment on the pleadings [Doc. 31] is GRANTED, and Plaintiffs claims against Bobkat and Pinnacle's cross claim against Bobkat are dismissed with prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Columbia, South Carolina
September 26, 2024

---

[4] Because the Court takes judicial notice of Bobkat's Notice of Dissolution, it need not address Plaintiffs' argument that it would be premature to consider Bobkat's motion as one for summary judgment.

[5] Because the Court concludes that Pinnacle's cross claim against Bobkat is dismissed for this reason, the Court declines to address Bobkat's additional arguments for dismissal of the cross claim. [Doc. 31-1 at 8–10.]